

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 18, 1957

Honorable S. Perry Brown
Chairman and Executive Director
Texas Employment Commission
Austin, Texas

Opinion No. WW-259

Re: Do Articles 665, 670, 673 and 681,
Vernon's Civil Statutes, apply to
the Texas Employment Commission in
its expenditure of funds out of
the Unemployment Compensation Ad-
ministration Fund and the Unemploy-
ment Compensation Special Adminis-
tration Fund under the stated facts?

Dear Sir:

You have requested an opinion of this office concern-
ing the application of Articles 665, 670, 673 and 681, Vernon's
Civil Statutes, to certain expenditures of the Texas Employment
Commission. Subsequently, you presented the following questions
in lieu of those posed in your original request:

"1. Whether or not Articles 665, 670, 673
and 681 R.C.S. apply to the Texas Employment Com-
mission in its expenditure of funds out of the
Unemployment Compensation Administration Fund (Art.
5221b-11, V.C.S.) for repairs and improvements to
an air-conditioning unit in a Commission-owned
building?

"2. Whether or not Articles 665, 670, 673
and 681 R.C.S. apply to the Texas Employment Commis-
sion in its expenditure of funds out of the Unemploy-
ment Compensation Special Administration Fund (Art.
5221b-22a V.C.S.), for preliminary studies as to the
needs, cost and size of a Texas Employment Commission
office building, such studies not intended to be the
plans and specifications finally adopted for con-
struction of the building?"

We shall answer your questions in the order presented.

Article 665, Vernon's Civil Statutes, reads in part as follows:

"The State Board of Control shall have charge and control of all public buildings, grounds and property of the State, and is the Custodian of all public personal property, and is charged with the responsibility to properly care for and protect such property from damage, intrusion or improper usage, . . ."

Article 670, Vernon's Civil Statutes, reads as follows:

"The Board shall prepare plans and specifications for improvement and repairs to public buildings or property of the State, and shall superintend through its division of public buildings and grounds, the construction of said work when such supervision is not otherwise especially provided for by law."

Article 673, Vernon's Civil Statutes, reads as follows:

"When needed improvements or repairs for respective buildings and offices are called to the attention of the Board by the heads of such departments or offices, the Board shall provide for such repairs or improvements, and they shall be made under its direction."

Article 681, Vernon's Civil Statutes, reads as follows:

"The State Board of Control, through its chief of such division, shall design all public buildings erected at the expense of the state where designing is not otherwise provided by law or by its appropriation bill; but in no instance shall plans or designs be adopted by the head of any department, board, institution, or school, other than the state educational institutions of higher learning and the Texas Prison System, and the Texas State Board for hospitals and special schools, unless such design and plans have been approved by the Board. Acts 1919, p 326; Acts 1949, 51st Leg., p. 606 ch. 323 § 1."

This office has for many years recognized the unusual status of the Texas Employment Commission in its position as an

agency of the State of Texas, whose activities, because of the nature of its work and the ultimate source of its appropriations, must of necessity be closely coordinated with those of the Federal Government.  This position has been thoroughly discussed in a series of prior Attorney General's Opinions:  O-3737 (1941), O-5524 (1943), V-427 (1947) and V-504 (1948).

These opinions hold that the Texas Employment Commission may purchase supplies and equipment and rent office space without the approval of the State Board of Control.  It is pointed out that to require the approval of the Board of Control in such matters would be to invite conflict, inasmuch as both federal and state laws indicate that the funds received from the Federal Government shall be expended in accordance with the rules and regulations prescribed by the Federal agency.

We believe that the reasoning set forth in these prior opinions applies with equal force to the expenditure of funds out of the Unemployment Compensation Administration Fund for repairs and improvements to an air-conditioning unit in a Commission-owned building.  In examining this expenditure, we are again called upon to construe the provisions of Article 5221b-9 Vernon's Civil Statutes, and Article 5221b-11 Vernon's Civil Statutes, which deal with the administration of the Texas Employment Commission and the establishment of the Unemployment Compensation Administration Fund. For the same reasons set forth in the above quoted opinions, we believe that to require Texas Employment Commission to comply with the provisions of Articles 665, 670, 673 and 681, Vernon's Civil Statutes, would be to invite conflict and contravene the clear intent of the Legislature as expressed in Articles 5221b-9 and 5221b-11, Vernon's Civil Statutes.  We are therefore of the opinion that an expenditure of funds for the repair and improvement to an air-conditioning unit in a Commission-owned building does not fall within the provisions of Articles 665, 670, 673 and 681, Vernon's Civil Statutes, and must answer your first question in the negative.

Your second question deals with the application of these same articles to an expenditure of funds for the preliminary studies needed in conjunction with the proper construction of a Texas Employment Commission office building.  You indicate that these funds are to be expended out of the Unemployment Compensation Special Administration Fund.  This fund is provided for under the provisions of Article 5221b-22a.  While the fund involved in your first question and that considered in the prior Attorney General's Opinions quoted is the Unemployment Compensation Administration Fund, as provided for by Article 5221b-11, Vernon's Civil Statutes, we fail to find any significant variation in the provisions of Article 5221b-22a, Vernon's Civil Statutes, and those of Article 5221b-11, Vernon's Civil Statutes.

which would in any way affect the applicability of the prior Attorney General's Opinions cited in answering your first question.

For this reason we believe that Attorney General's Opinions O-3737 (1941), O-5524 (1943), V-427 (1947) and V-504 (1948) correctly state the law on this point and we are of the opinion that Articles 665, 670, 673 and 681, Vernon's Civil Statutes, are not applicable to an expenditure of funds from the Unemployment Compensation Special Administration Fund for the purpose of paying the cost of preliminary studies needed in conjunction with the proposed construction of a Texas Employment Commission Office Building.  We, therefore, answer your second question in the negative.

This opinion is only applicable to the factual situation presented.

## SUMMARY

Articles 665, 670, 673 and 681, Vernon's Civil Statutes, do not apply to the Texas Employment Commission in its expenditure of funds out of the Unemployment Compensation Administration Fund and the Unemployment Compensation Special Administration Fund under the  stated facts.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  *Wayland C. Rivers, Jr.*
Wayland C. Rivers, Jr.
Assistant

WCR:pf:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Joe Rollins
Milton Richardson
B. H. Timmins, Jr.
Houghton Brownlee  Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:     James N. Ludlum